NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3013
_____

UNITED STATES OF AMERICA

v.

TEJOHN COOPER,
a/k/a Nasir, a/k/a Nas,

TeJohn Cooper,
                          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-14-cr-00699-012)
District Judge:  Hon. Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2018

Before:  JORDAN, VANASKIE, and RENDELL, *Circuit Judges*

(Filed: September 20, 2018)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

TeJohn Cooper appeals the judgment of conviction and sentence imposed by the United States District Court for the District of New Jersey, and his counsel moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion to withdraw and affirm the District Court's judgment.

## I.   BACKGROUND

Cooper agreed to plead guilty to two counts of using a communications facility to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b).[1] Those counts relate to Cooper's use of a cell phone on or about February 27, 2014, to engage in two separate calls with a coconspirator to set up a drug transaction. In the written plea agreement, the parties stipulated that Cooper was entitled to a two-level reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1(a), that, if certain conditions were met, the government would move for a one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E.1(b), and that

---

[1] Section 843(b) provides:

It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

21 U.S.C. § 843(b).

Cooper reserved the right to seek a downward variance pursuant to the sentencing factors in 18 U.S.C. § 3553(a). Cooper "voluntarily waive[d] the right to file any appeal … including but not limited to an appeal under 18 U.S.C. § 3742 …, which challenges the sentence imposed by the sentencing court." (App. at 106.)

At a hearing on the proposed plea, the District Court explained to Cooper the rights he would forfeit by pleading guilty and confirmed that he was entering his plea knowingly and voluntarily. Cooper then pled guilty to both counts.

At sentencing, the Court reviewed the Presentence Investigation Report ("PSR"), which, based on Cooper's conduct and background, including a three-level reduction for Cooper's acceptance of responsibility, and it calculated an offense level of 27 and a criminal history category of VI. Those calculations resulted in a guidelines range of 130 to 162 months' imprisonment as punishment for both counts, but the recommended term of imprisonment was adjusted to 96 months because the statutory maximum for a single conviction under § 843(b) is 48 months' imprisonment. *See* 21 U.S.C. § 843(d)(1) ("Except as provided in paragraph (2), any person who violates this section shall be sentenced to a term of imprisonment of not more than 4 years[.]"). Cooper did not object to the calculations in the PSR. He did, however, request a downward variance based on his ability to become a productive member of society and his personal, financial, and familial obligations. The Court considered his work ethic and his family's dependence on him but, due to his extensive criminal history, the seriousness of the offenses, the need for both individual and general deterrence, and the need to protect the community, decided not to vary downward.

3

Ultimately, the Court sentenced Cooper to 48 months' imprisonment on each of the two counts, to run consecutively, for a total of 96 months' imprisonment. He was additionally sentenced to one year of supervised release on each count, to run concurrently, and special assessments totaling $200.

Cooper timely appealed. His counsel moved to withdraw and filed an *Anders* brief supporting the motion. Cooper filed a *pro se* brief.

## II. DISCUSSION[2]

### A. Standard of Review

Under *Anders*, an indigent criminal defendant's counsel may seek to withdraw from representing the defendant on appeal if there are no nonfrivolous issues to address. 386 U.S. at 744. "We exercise plenary review to determine whether there are any such issues." *Simon v. Government of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012) (citing *Penson v. Ohio*, 488 U.S. 75, 80-83 & n.6 (1988)). Whether an issue is frivolous is informed by the standard of review for each potential claim raised. *See United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002) (determining that the issue on appeal would be frivolous when reviewed for plain error).

### B. *Anders* Analysis

Motions to withdraw under *Anders* are governed by our Local Appellate Rule ("L.A.R.") 109.2(a), which provides, in relevant part, as follows:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

4

motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. … If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a). We ask two main questions when addressing *Anders* motions: first, "whether counsel adequately fulfilled the requirements of [L.A.R.] 109.2(a), and" second, "whether an independent review of the record presents any nonfrivolous issues." *Simon*, 679 F.3d at 114.

To carry out the first inquiry, we analyze the adequacy of counsel's *Anders* brief. An *Anders* brief is adequate under L.A.R. 109.2(a) if it "satisf[ies] the court that [counsel] has thoroughly scoured the record in search of appealable issues" and "explain[s] why the issues [identified] are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). "Counsel need not raise and reject every possible claim[,]" but, "at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *see also Anders*, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.").

The second inquiry, which involves our own search for nonfrivolous issues, is met if we examine the record and conclude that "the appeal lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 438 n.10 (1988). If, after reviewing the *Anders* brief and the defendant's *pro se* response, we are satisfied that the *Anders* brief is adequate, then our review of the record is guided by the *Anders* brief itself. *See*

5

*Youla*, 241 F.3d at 301 ("Where the *Anders* brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by [that] brief itself.'" (citation omitted)). But if the *Anders* brief is inadequate, we may expand our review of the record to portions implicated in the defendant's *pro se* brief or other documents that guide us to the appellate issues the defendant wishes to raise. *Id.* We may also appoint new counsel. The bottom line is we will not appoint new counsel in cases where the "appeal lacks arguable merit (i.e., is frivolous)[.]" *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).

Here, Cooper's counsel has identified in his *Anders* brief three potential issues for appeal, which include the District Court's jurisdiction, the validity and voluntariness of the plea, and the legality of the sentence imposed. Those issues align with the three appellate rights generally retained by a defendant who pleads guilty. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (stating that, ordinarily, a defendant may attack a judgment based on a guilty plea only on the grounds that the court lacked jurisdiction, the plea was not valid or voluntary, or the sentence imposed is unlawful). The *pro se* brief raises two additional issues, but they are frivolous.[3] Thus, we are satisfied that counsel

_____

[3] Cooper raises two additional issues in his *pro se* brief: first, he alleges the Court erred when it failed to adequately account for a three-level reduction in his base offense level due to his acceptance of responsibility, and, second, he argues that his two convictions under § 843(b) violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because the calls were made on the same day to the same coconspirator about a single narcotics transaction. Even if we were obliged to consider those arguments, we would conclude that they are frivolous. In his plea agreement, Cooper "voluntarily waive[d] the right to file any appeal … including but not limited to an appeal under 18 U.S.C. § 3742 … which challenges the sentence imposed by the sentencing court." (App. at 106.) Moreover, the Court accounted for offense level

has conscientiously examined the record. Because the *Anders* brief is adequate, we limit our review to those portions of the record implicated in that brief.

1. *The District Court's Jurisdiction*

The first issue raised relates to the District Court's jurisdiction. The District Court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. By knowingly using a communication facility to facilitate a drug transaction on two separate occasions, Cooper committed "offenses against the laws of the United States," specifically 21 U.S.C. § 843(b).[4] Thus, the District Court clearly had jurisdiction to adjudicate the case, and any contention to the contrary is frivolous.

2. *The Validity and Voluntariness of the Plea*

The second issue addressed in the *Anders* brief concerns whether the District Court properly determined that Cooper's plea was legally valid and entered into voluntarily. Whether a plea is valid "depends on whether the defendant was fully apprised of the ramifications of his plea[,]" which includes "[t]he constitutional

---

reductions due to Cooper's acceptance of responsibility, but ultimately it was immaterial because it did not reduce the final guidelines advisory range below the statutory maximum term of imprisonment. Finally, the case law is clear that convicting a defendant for individual acts constituting separately punishable offenses, even if related to a single transaction, does not violate the Double Jeopardy Clause. *See Blockburger v. United States*, 284 U.S. 299, 302 (1932) ("If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie." (citation omitted)); *see also* 21 U.S.C. § 843(b) ("Each separate use of a communication facility shall be a separate offense under this subsection.").

[4] Cooper admitted to the elements of his crimes in the plea colloquy.

7

requirement that a guilty plea be 'knowing' and 'voluntary' [as] embodied in Federal Rule of Criminal Procedure 11." *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969)). We review an untimely purported Rule 11 violation for plain error.[5] *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)).

Here, the guilty plea met all the legal requirements embodied in Rule 11. The District Court addressed Cooper personally in open court, informed him of his constitutional and statutory rights, determined that Cooper understood those rights, determined that Cooper entered the plea voluntarily, and adequately concluded that there is a factual basis for his plea. *See* Fed. R. Crim. P. 11(b) (providing the requirements for a court to accept a guilty plea). There is no evidence, and Cooper does not argue, that the plea was entered into unknowingly or involuntarily, and Cooper does not otherwise challenge the plea agreement on appeal. The District Court thus properly determined that Cooper's plea is legally valid and was entered into voluntarily.

### 3. *The Lawfulness of Cooper's Sentence*

The final issue raised pertains to whether the District Court properly determined Cooper's sentence. We review the District Court's sentence for abuse of discretion to

---

[5] Plain error requires showing "(1) error, (2) that is plain or obvious, … (3) that affects a defendant's substantial rights[,]" and (4) that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

ensure, first, that no procedural error occurred and, second, that it is substantively reasonable. *United States v. Handerhan*, 739 F.3d 114, 119 (3d Cir. 2014).

The sentence imposed by the District Court is procedurally sound. The District Court calculated Cooper's recommended sentence under the guidelines, which included a three-level reduction for acceptance of responsibility, noted that there were no requested departures, and thoroughly considered the relevant sentencing factors under § 3553(a). *See id.* at 120 (reciting the requirements for imposing a sentence upon a defendant). It also adequately considered, but ultimately rejected, Cooper's request for a downward variance.

The sentence is also substantively reasonable. The sentence imposed by the District Court is within the properly calculated guidelines range, comports with the statutory penalty limitations, and, as confirmed by the District Court's thoughtful analysis, satisfactorily accounts for Cooper's criminal history, the seriousness of his offenses, the need for both individual and general deterrence, and the need to protect the community from the dangers associated with drug distribution. *See id.* at 124 ("In reviewing the substantive reasonableness of a sentence, we look to 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'" (citation omitted)). The issue of the legality of the sentence is therefore frivolous.

In sum, the record presents no nonfrivolous issue for appeal.

9

**III.    CONCLUSION**

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.